JAMES THURSTON *versus* LEVI SPRATT.

The vendor in possession of personal property impliedly warrants the title to the thing sold.

If the purchaser, or any subsequent vendee, be sued in any action involving the question of title, the judgment will be conclusive against said vendor, if he received notice of the pendency and nature of the action.

And it can make no difference that the property has been repeatedly sold, and that the suit is against the last vendee, if the question of title is the only question in controversy.

Where the defendant exchanged horses with the plaintiff, and the plaintiff sold the horse received of the defendant to another person, and the last named to still another; and the last vendee was sued in replevin for the horse; and he notified his vendor of the pendency and nature of the suit, and a similar notice was given by each vendee to his respective vendor, back to the defendant, who neglected to defend the suit: — *Held*, that the plaintiff could recover the amount of the judgment in said replevin suit, together with witness and counsel fees expended in the same; and that the judgment was conclusive upon the defendant.

Thurston *v.* Spratt.

THE plaintiff introduced testimony to prove the following facts, to wit:—In Jan., 1859, said Levi Spratt exchanged horses with said John Thurston. Said Thurston, about the first of March, 1859, sold the horse which he had received from said Levi Spratt to one Paul Ham. Said Ham, about the first of June following, sold the same horse to Abel Gould; said Thurston, Ham and Gould believing that the title to said horse was in them respectively, as per said sales.

Thereafterwards, on the 20th day of June, 1859, one James Spratt, of Corinth, Maine, replevied said horse from said Gould, claiming title to the same, and that the property was in him at the time of the transfer by said Levi Spratt to said Thurston, in January, 1859.

Thereafterwards, before the return day of said replevin writ, said Gould notified said Ham in writing of the pendency of said suit, of the purport of said suit, and calling upon him to appear and defend the title to said horse at the time of the transfer of the same from said Ham to said Gould. And there and then said Ham also served a similar notice upon said Thurston, and said Thurston served a similar notice upon said Levi Spratt. Said Gould and Ham and Thurston appeared and defended said suit; but said Levi Spratt made no appearance and no defence.

Said suit came on for trial and was tried at the October term of said Court, 1860, and the jury returned a verdict "that the defendant, (Gould,) did take in manner and form as the plaintiff, (James Spratt,) has declared against him, and assess damages for the plaintiff in the sum of five dollars." They further found that, "the property was the property of the plaintiff," (said James Spratt.)

And thereafterwards, on the first of November, 1860, judgment was rendered in said suit, and execution issued Nov. 27, 1860, for said five dollars damage and $29,50 taxable costs.

Said Gould's expenses in answering to said suit, attorney's and witnesses' fees, amounted to $32,96.

The value of said horse, taken and retained by said James Spratt from said Gould, was $50,00.

Said execution was paid by said Gould, and said Ham paid said Gould his expenses and costs in said suit, and for said horse, all amounting to $117,51, and said Thurston also paid said sum to said Ham, and brought this action to recover the same of said Levi Spratt who had sold and delivered to him said horse as abovesaid.

The defendant offered testimony to prove the following facts, to wit:—that defendant and said James Spratt jointly owned the horse which the plaintiff had of defendant in exchange for a horse of plaintiff's in January, 1859; that defendant, who is the son of said James Spratt, and the latter lived in different houses on the same farm which they managed and cultivated together; that they had jointly owned oxen, cows, horses and other personal property for many years, and each had permitted and allowed the other to sell or exchange horses and other personal property so owned by them, as each saw fit, without objection on the part of the other, that said James Spratt was immediately informed by defendant of the exchange of said horse by defendant with plaintiff, and made no objection thereto till long afterwards, when some disagreement happened between them; that the horse which defendant let plaintiff have was not worth more than $25, and the horse which defendant had of plaintiff in exchange as abovesaid, was not worth more than $5. This evidence being excluded, the defendant submitted to a default; damages to be assessed by the Court; if testimony improperly excluded, the case to stand for trial.

The Court ruled that this testimony was inadmissible and excluded it.

To this ruling defendant excepted.

*B. H. Mace*, for the plaintiff.

*A. Sanborn*, for the defendant.

The opinion of the Court was drawn by

KENT, J.—The vendor in possession of personal proper-

ty impliedly warrants the title to the thing sold. He is therefore bound to make good to the purchaser all his losses resulting from the want of a good title. If the purchaser, or any subsequent vendee is sued in replevin or trover, or in any other action involving the question of title, if he gives notice to his vendor of the pendency of the action and its nature, the judgment is conclusive evidence against such vendor. If no notice is given, it is not conclusive on him, but he may show that the plaintiff, in a suit against him on his warranty, ought not to recover the amount he has paid, because the case was not properly defended, and judgment was suffered unnecessarily. *French* v. *Parish,* 14 N. H., 496; *Duffield* v. *Scott,* 3 D. & E., 210; 1 Johns., 517; *Weld* v. *Nichols,* 17 Pick., 538; *Kipp* v. *Bingham,* 6 Johns., 157.

It can make no difference that there are intermediate purchasers, and that the suit is against the last one, *if the question of title is the sole matter in controversy.* All the individuals who have sold the property are alike warrantors, and can as well defend the title in the suit against the last purchaser, as in a suit against themselves, if they have notice. The law will not tolerate a succession of long lawsuits to determine, as in this case, the title to a single horse, in all of which precisely the same issue is to be tried, when all the parties have had due notice and an opportunity to defend. It requires that every warrantor, who is notified, shall act at once in defending himself, or in aiding the party sued to defend the action. This is the rule in real actions. *Perkins* v. *Pitts,* 11 Mass., 125; 4 Mass., 353.

Where there is a succession of transfers, and judgment against the last holder, and notices to all the vendors, it may be competent for the first, or any seller, to show that the defect in the title arose after he sold the property, and that therefore he had no interest in the determination of the question tried. However this may be, the defect in the case before us was in the title of the defendant. That was the only question in issue. He was notified and did nothing to

aid in the defence.   This case illustrates the wisdom of the
rule.   After being notified, he stands by and keeps to him-
self the facts which he now says would show a right in him
to sell the property.   If he had disclosed them or testified
to them at the trial, the result might have been different.
He allows a final judgment to pass by which the other inno-
cent purchasers lose the property and damages and costs,
and now asks to be allowed to prove them, when it is too
late for his vendee to use them in his defence.

> *Exceptions overruled.   Default to stand.*
> *Damages to be assessed by Judge at Nisi Prius.*

APPLETON, C. J., CUTTING, DICKERSON and BARROWS,
JJ., concurred.