# SUPPLEMENT.

—————— ►◄●►◄ ——————

## Abstracts of Decisions of the Supreme Court, rendered at the January Term, 1871.

—————

### SIMEON HOVEY *vs.* JAMES SMITH.

In a deed of lands belonging to the husband, though the wife join in the deed, with covenants, yet the covenants will be held to be those of the husband alone. Declaration—Description of lands in, &c.—Allegation as to covenants.

Error to St. Clair Circuit.

*Opinion by* CHRISTIANCY, J.—This was a question of covenant brought upon the covenant of seizin and good title contained in a deed of conveyance of land. The questions involved were upon exceptions taken to the admission of evidence.

*Held,* That there was no error in admitting the deed claimed to contain the covenant declared upon. The objection was that it was inadmissible under the declaration, and the objection was sought to be sustained on two grounds .

1. That the deed appears to have been executed by different parties, or by another party beside the one described in the declaration.

2. That the description of the land which the deed purports to convey is different from that described in the declaration, as conveyed by it.

The deed offered was executed by the defendant and his wife to the plaintiff. But it appears from the evidence that the land was not the individual property of the wife. The only use in the wife's joining in the deed was to release her contingent right of dower. Her covenant would be void, and any

8

covenant made by the two would be the sole covenant of her husband. The deed was the conveyance of the husband, the covenant was his, and there was therefore no material variance in the declaration.

The declaration purports to describe a part of the land described in the deed, and the covenant was alleged to be broken only as to a part of the land. The declaration alleges the conveyance to have been of "certain pieces or parcels of land situate in the Township of China, St. Clair County. among which were the following pieces or parcels of land." and then follows the description of eighteen acres by metes and bounds, a description, however, which does not, at least in words, correspond with any particular piece of land as described in the deed. And this is the variance in the description to which objection is taken.

*Held,* That whether the lands described in the declaration were included in the lands described in the deed was properly a matter of proof. It was not required to describe in the declaration in the words of the deed, unless the pleader undertook to give the description of the title *in haec verba,* but was always matter of evidence outside of the deed to bring the land described in the declaration within the description contained in the deed.

Another ground of objection was considered by the Court, which was as follows: The covenant was in form plural, applying to the wife as well as to the husband, and yet it was in law the covenant of the husband alone. It was also in form that they were well seized of the premises, etc. Though the declaration sets this out as the covenant of the defendant, yet it states the seizin covenanted for, as in the deed, that they were well seized etc. As the declaration thus leaves it entirely uncertain who were seized, not mentioning the wife at all in this connection it would clearly have been bad upon demurrer. But after trial and verdict, the Court held the declaration good, as there was no verbal variance between the covenant set out in the declaration and that contained in the deed, it appearing from the record who the parties were, entering into the covenant, and it being deemed by the Court that the word " they" was simply a

clerical error for the word " his " It probably arose from the use of the printed blank, in which the plural is employed It was therefore held that there was no error in the admission of the deed.

———————————

## COLIN CAMPBELL *et. al vs.* MARY WHITE.

A married woman living with her husband, is liable for goods belonging to the class of fam'ly necessaries, used by her husband's family, where such goods were purchased by her, on her individual credit.

Absence from the State, to prevent the operation of the statute must be actual, not merely constructive; returns of the debtor, to set the statute running again, must be sufficiently open to enable the creditor, with reasonable diligence, to serve process upon him, and it must not be a secret one, designed to deceive and mislead the creditor. Open visits, which might well be known to all persons, are to be credited to the debtor, while on the other hand successive absences may be accumulated against him.

Error to Wayne Circuit.

*Opinion by* GRAVES J.—Three questions were involved in this case, two of which were as follows:

1. Whether a married woman, residing with her husband and owning a seperate estate, can be held liable for merchandise purchased by herself on her indivdual credit and sole agreement to pay for it in case the items belong to the class of family necessaries, and are actually used by the husband's fam ily and in his household.

2 . The legal bearing and effect of the visits of Mrs. White to Detroit, under the circumstances stated in the record, she being a resident of Canada.

*Held,* That the first question should be answered in the affirmative, upon the grounds stated by Cooley, J., in *Tillman, vs. Shackleton,* 15 *Mich.,* 447. The liability of the wife was conseq'ient upon her obtainment of the goods on her sole credit and individual promise to pay for them, and was not conditional upon the kind of use to which the goods should be subseqéntly put. Of course the principles which apply here can bear no re- s tion to the doctrine of those cases where goods are furnished