### JANE P. CARLEY v. JAMES CHARLES FOX.

*Mortgage—Property sold out of its order.*

One who accepts a conveyance subject to the payment of a mortgage becomes personally liable for its payment.

A wife is not liable upon the covenants in her husband's deed.

C gave F a warranty deed of a farm subject to a certain mortgage. Another mortgage given to secure a debt of C's covered the farm and some of Mrs. C's property, and this mortgage was not excepted from the warranty.    Upon the foreclosure of the last-mentioned mortgage, Mrs. C's property was bid off first and bought in by F.    She filed a bill to set aside the foreclosure. *Held* that as to her own lands she was entitled to the rights of a surety, and could insist that the farm be sold first; that her release of dower rights in the farm gave her the right to insist that F protect her by paying off the mortgage first named; that as between herself and him the foreclosure sale was wrongful, and F acquired no rights by it except the right to the mortgage; that as he had bought the farm from which the mortgage ought to have been satisfied, it should be deemed a satisfaction of the mortgage if it was sufficient; and as the farm was really sufficient to meet both mortgages, the foreclosure deed was set aside.

Appeal from Berrien.   Submitted January 25.   Decided February 1.

Bill to set aside foreclosure.   Defendant appeals.

*George S. Clapp* for complainant.   A wife who mortgages her property for her husband's debt has the rights of a surety, and the husband's property is the primary fund for the payment, *Fitch v. Cotheal*, 2 Sandf. Ch., 29; *Bayler v. Com.*, 40 Penn. St., 37; *Vartie v. Underwood*, 18 Barb., 561; Schouler's Dom. Rel., 155; 1 Phil. Ev., C. & H. notes, note 177, p. 612; the wife is entitled to protection against any act of his creditors destructive of her rights, *Ayers v. Husted*, 15 Conn., 517; *Johns v. Reardon*, 11 Md., 465, and on foreclosure, the husband's estate should be first sold, *Sheidle v. Weishlee*, 16 Penn. St., 137; the equitable rule of marshalling assets and selling in the inverse order of conveyance does not apply where a primary fund is originally created for the satisfaction of the mortgage, *Mason v. Payne*, Walk. Ch., 459; *Cooper v. Bigly*, 13 Mich., 475; *Caruthers v. Hall*, 10 Mich., 41; *Sibley v. Baker*, 23 Mich., 315; *Woollen's Ex'rs v. Hillen*, 9 Gill, 195.

*Potter & Potter* for defendant.   A wife who joins with

her husband in a conveyance is estopped by her covenant, *Colcord v. Swan*, 7 Mass., 291; *Doane v. Willcutt*, 5 Gray, 332; where mortgaged premises have been sold in parcels, they should be sold on foreclosure in the inverse order of the conveyances, *Ireland v. Woolman*, 15 Mich., 253; *McKinney v. Miller*, 19 Mich., 142; a wife may mortgage her lands for her husband's debt, *Watson v. Thurber*, 11 Mich., 457; *De Vries v. Conklin*, 22 Mich., 259.

COOLEY, J. The bill in this case was filed to set aside a statutory foreclosure of a mortgage. The facts important to its decision are the following: In May, 1873, George Carley, the husband of complainant, conveyed to defendant a farm in Benton township, subject to the payment by defendant of a mortgage thereon for two thousand dollars. It is conceded that by accepting this conveyance defendant became personally liable for the payment of the mortgage under the decision of this court in *Crawford v. Edwards*, 33 Mich., 359. The farm was also subject at this time to another mortgage for $945 given by George Carley and complainant, and covering besides this, certain property in St. Joseph owned by complainant. The latter mortgage was given for the debt of George Carley, and Mrs. Carley, in respect to her lands covered by it, was entitled to all the rights of a surety. Carley's deed to the defendant made no exception in respect to the last-mentioned mortgage, and as the deed was one of warranty, defendant was entitled to protection from Carley as against it, but he had no corresponding right as against complainant, who, though she joined in the deed conveying it, could not be liable upon the covenants. *Hovey v. Smith*, 22 Mich., 170, 172.

From this statement it appears that the farm was the first fund for the satisfaction of the mortgage for $945, and that complainant had a right to insist that it be first sold for that purpose. We also think that her release of her contingent right of dower in the farm

to defendant, gave her a right to insist for her own protection upon his performance of his undertaking to pay off the mortgage of $2,000. It is true that if he did that, and was then obliged to pay the mortgage of $945 also, he would have a claim against George Carley for the sum last mentioned, but this fact could not affect the equities of complainant. He put himself, by his purchase, in a position which exposed him to that risk.

While this was the position of the parties, the owner of the smaller mortgage proceeded to foreclose it under the power of sale, but instead of selling the farm first as he should have done, he sold complainant's property first, and it was bought by defendant for the amount due and costs. As between complainant and defendant this was a wrongful sale, and defendant acquired no rights thereby except the right to the mortgage. But as he became owner of the mortgage while also owning the land from which it should be satisfied, the purchase should be deemed a payment and satisfaction if the farm was sufficient for the purpose.

That the farm was sufficient for the purpose clearly appears: indeed the preponderance of evidence is that the value was considerably more than both mortgages.

The decree appealed from set aside the deed on the foreclosure, and it must be affirmed with costs.

The other Justices concurred.