LIBERTY MUTUAL INSURANCE COM-
PANY, a foreign corporation,
Plaintiff,

v.

Ann BYERLY, Executrix of the Estate
of Oliver M. Byerly, individually and
d/b/a Economy Products Corporation,
and James F. Bliven, individually and
d/b/a Delavin Welding Shop, Defend-
ants.

No. 66–C–207.

United States District Court
E. D. Wisconsin.

May 9, 1969.

**214**

Wickham, Borgelt, Skogstad & Powell, by Frank A. Scherkenbach, Milwaukee, Wis., for plaintiff.

Kivett & Kasdorf, by John M. Swietlik, Milwaukee, Wis., for defendants.

## DECISION

MYRON L. GORDON, District Judge.

The plaintiff, Liberty Mutual, has commenced this action against Ann Byerly, executrix of the estate of Oliver M. Byerly, individually, and d/b/a Economy Products Corporation, and others, for indemnification arising out of a 1965 California state court judgment obtained in an action between Orville Marshall, plaintiff, and Weaver Manufacturing Company, defendant. Jurisdiction is founded upon diversity of citizenship.

Liberty Mutual was Weaver's liability insurance carrier, and, as a result of the adverse California judgment, was required to pay $68,000.00 for damages; $217.00 for costs; and $6,560.00 for attorneys fees.

In the California action, the plaintiff, Marshall, sued Weaver for negligence and breach of warranty in connection with a product called a "jackstand". Weaver had purchased certain jackstands from Byerly. Weaver sold jackstands to Duncan Hunter Corporation; the latter company sold jackstands to the Gardena Bus Company of California, Mr. Marshall's employer.

During the course of the California action, Weaver claims it tendered the defense to Mr. Byerly, who chose not to accept the same. Under § 2778 of the California Civil Code, Mr. Byerly (and his executrix) would be bound as to matters determined in the California suit if a proper tender of the defense was made by Weaver; the latter issue was tried before this court, without a jury, on February 27, 1969. This decision constitutes the court's findings of fact and conclusions of law in accordance with rule 52(a), Federal Rules of Civil Procedure.

In an order issued before the trial, this court ruled that California law governs the right of the parties with respect to the tender of defense issue. Section 2778 of the California Civil Code provides in part as follows:

"4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity; but the person indemnified has the right to conduct such defenses, if he chooses to do so;

"5. If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former;

"6. If the person indemnifying, whether he is a principal or a surety in the agreement, has not reasonable notice of the action or proceeding against the person indemnified, or is not allowed to control its defense, judgment against the latter is only presumptive evidence against the former."

In Theisen v. County of Los Angeles, Cal.App., 343 P.2d 1001, 1007 (1959), the California Supreme Court said that

"Reasonably construed, section 2778, subdivisions 4, 5, and 6, provide that the prior judgment is not conclusive against the person indemnifying if (a) he is not requested to defend the action, or (b) *has not received reasonable notice of the pendency of the ac-*

*tion,* or (c) is not allowed to control its defense." (emphasis supplied)

The court continued (also at p. 1007): "The omission to give notice to the indemnitor does not go to the right of action against him but simply changes the burden of proof and imposes upon the indemnitee the necessity of again litigating and establishing all of the actionable facts."

In addition, Sampson v. Ohleyer, 22 Cal. 200 (1863) and Pezel v. Yerex, 56 Cal.App. 304, 205 P. 475 (1922) set forth certain formal requirements for a valid notice. The defendant in the case at bar contends that the notice given by Weaver did not comply with California law because it was untimely and did not meet the formal requirements of a valid notice. In this decision the word "defendant" refers to the Byerly interests.

### I. WAS THE NOTICE TIMELY?

On or about August 18, 1965, a letter was sent by Weaver to Mr. Byerly (Pl. exh. 7). The letter informed Mr. Byerly of the California law suit and indicated that the case was set for trial on November 15, 1965, approximately 3 months later. The letter offered to make Weaver's investigation file available to Mr. Byerly.

The defendant contends that the period of slightly less than three months' notice is untimely as a matter of law; that the Wisconsin case of Somers v. Schmidt, 24 Wis. 417 (1869) requires that notice be given "at or before the return of process, or at least before the expiration of the time to plead or answer"; and that several California cases involved the giving of notice at the very early stages of the law suit. For example, Pezel v. Yerex, 56 Cal.App. 304, 205 p. 473 (1922) involved the giving of notice one day after the complaint was filed against the indemnitee.

■ In my opinion, the defendant's arguments find no support in California law. Theisen v. County of Los Angeles, Cal.App., 343 P.2d 1001, 1007 (1959)

refers to "reasonable notice of the pendency of the action"; Sampson v. Ohleyer, 22 Cal. 200, 208 (1863) states that an indemnitor must be given "full notice a reasonable time before trial * * * to enable him to prepare for it." See also, Pezel v. Yerex, supra; 73 A.L.R.2d 504; Restatement of Judgments § 170 (a), comment (e). The California courts have placed no specific time limitation on the term "reasonable notice". Under California law, reasonableness must be determined from all the facts and circumstances; a key inquiry is whether the indemnitor had a reasonable opportunity to defend the action.

■ The defendant also contends that Weaver's failure to notify Mr. Byerly of the accident involving the jackstand in July, 1963, when Weaver first learned of it, "lulled Byerly into a sense of complete uninvolvement" and caused prejudice to Mr. Byerly. However, California law provides only that the required notice be given a reasonable time before trial. As stated by the court in Sampson v. Ohleyer, 22 Cal. 200, 208 (1863),

"Unless the party to the action notifies him that he expects him to defend the action, or to furnish testimony, or to do some other act to aid in it, he may well suppose that the party is well prepared to defend it * * * and needs no assistance * * * and he may well rely upon that supposition * * *."

As previously noted herein, a letter of notice was sent by Weaver to Mr. Byerly. It is the reasonableness of that notice, in relation to the approaching trial date of November 15, 1965, that is in issue. The defendant's contention that Weaver's failure to notify him in 1963 should affect the validity of the tender is without merit. In addition, the defendant's reliance on Sunset-Sternau Food Co. v. Bonzi, 60 Cal.2d 834, 36 Cal.Rptr. 741, 389 P.2d 133 (1964) is misplaced. In that case, there was a total failure to notify.

The testimony also indicates that even before receiving the August 18, 1965

letter, Mr. Byerly had notice of the fact that an accident occurred in California involving the use of a jackstand. Although Mr. Byerly died before his deposition could be taken, he did write out and sign a statement (Pl. exh. 16A) in which he said that he had received a telephone call from Mr. Greenleaf, Weaver's industrial relations manager, who informed him that "a party had been injured in California when a stand fell." Mr. Byerly journeyed from Delavan, Wisconsin to Springfield, Illinois to deliver his insurance policy to Greenleaf for inspection. In his signed statement, Mr. Byerly said that "We discussed the manufacturing procedure and he looked over my insurance policy. He gave me no information about the accident and our discussion was brief. His main interest was on my insurance coverage."

■ Under the law of California, mere knowledge or information of the existence of an action by a party against an indemnitee is insufficient to bind the indemnitor by the judgment. Theisen v. County of Los Angeles, Cal.App., 343 P. 2d 1001 (1959). However, such knowledge may be relevant to a determination of whether the indemnitor has a reasonable opportunity to defend after being served with formal notice.

Mr. Byerly had been insured by Iowa National Mutual Insurance Company. Upon receiving the letter of August 18, 1965, he wrote to Weaver on August 23, 1965, stating as follows:

"I have referred the California suit matter to my local insurance agent who is today forwarding it to Iowa Mutual * * *.

"As you may remember the policy carried up to $200,000.00 liability." (Pl. exh. 8)

Mr. Stookey, an Iowa National employee, stated in his deposition that Mr. Byerly's policy contained the standard provisions with respect to the insurance company's right to investigate and to control the defense of any action on behalf of the insured. He further testified that Iowa National retained the Los Angeles law firm of Parker, Stanbury, McGee, Peckham & Garrett to defend Mr. Byerly.

Although the evidence shows that some of the legal work performed by the Parker firm was directed only to the question of Mr. Byerly's amenability to jurisdiction in California in connection with a suit filed against Mr. Byerly by Weaver (Pl. exh. nos. 11 and 14), the evidence indicates that the Parker law firm also engaged in activities connected with the suit pending between Mr. Marshall and Weaver.

Mr. Wells, an attorney for Liberty Mutual who was handling the Marshall case in California, testified that the Parker firm did more than simply check out the jurisdictional question; that on or about October 12, 1965 one of the attorneys from the Parker firm called him and asked if he could review Liberty Mutual's file; that Mr. Wells made the file available at the attorney's convenience; that Mr. Warren of the Parker firm attended, but did not participate in, the final pretrial conference in the judge's chambers; and that Mr. Warren was present in the courtroom, as an observer, during the first week of trial.

The plaintiff contends that since Iowa National maintained control of the defense under Mr. Byerly's insurance policy, Iowa National became Byerly's "agent", and the action or inaction of Iowa National is attributable to and binding upon Mr. Byerly. In my opinion, whether Iowa National was Mr. Byerly's "agent" is unimportant in the context of this case; the activities of Iowa National are relevant only to show what could have been done in California after the letter of August 18 had been received by Mr. Byerly. This latter point bears upon the timeliness of the notice.

At no time did anyone on behalf of Mr. Byerly either request an adjournment of the November 15 trial date or refuse the tender of defense on the ground of untimeliness. The defendant does not now claim that the California action was not adequately defended by Liberty Mutual.

■ I conclude that the defendant had reasonable and timely notice of and a reasonable opportunity to defend the California action. This is not a case where the notice was so short as to catch the defendant off guard. The amount of discovery material to be reviewed in preparation for trial was not oppressive. The Liberty Mutual file was virtually laid open to Mr. Byerly. Under these conditions, almost 3 months' notice of a trial, which, in fact, commenced almost 3½ months from the date of such notice, was not unreasonable.

## II. DID THE NOTICE MEET THE FORMAL REQUIREMENTS OF CALIFORNIA LAW?

In its letter dated August 18, 1965, Weaver wrote to the defendant's decedent, in part, as follows:

"As a result of injuries sustained in an accident of December 4, 1962, Mr. Orville D. Marshall has filed suit against Weaver * * * and others. Trial of this matter is presently set for November 15, 1965. The Complaint, a copy of which is attached, is for personal injuries, negligence and breach of warranty. It involves a Weaver WI–24 stands [sic] which your company manufactured for the Weaver Manufacturing Company.

*"Demand is hereby made on you to take over and defend and indemnify Weaver * * * in this Action * * *."* (emphasis supplied)

A further letter was sent to Mr. Byerly by Weaver, dated October 18, 1965, and which read, in part, as follows:

"We have been contacted by your Los Angeles attorneys regarding the above-entitled case, and we have been advised that you do not do any business in California. Therefore, it is questionably whether we can obtain jurisdiction over you in California without your voluntary appearance.

"Please take notice that in the event that you do not wish to appear voluntarily in California so that the question of your liability may be deter-

mined at the trial of case # SWC 2379 (Marshall v. Weaver Manufacturing Co.), we will proceed against you in the proper form in the event that judgment is rendered against Weaver * * * *"

In Pezel v. Yerex, 56 Cal.App. 304, 205 P. 475 (1922), the court stated that the indemnitee's notice must inform the indemnitor that if he does not defend the action, "he will be held responsible for the result." The court indicated that the rule in California is strict with respect to the prerequisites of a valid notice.

In Theisen v. County of Los Angeles, Cal.App., 343 P.2d 1001, 1007 (1959), the court quoted from Sampson v. Ohleyer, 22 Cal. 200, 208 (1863) as follows:

"(I)f a party to a suit has a right to resort to another upon his failure in the action * * * on the ground that he is indemnified by such third party * * * then it is clearly his duty to give full notice to * * * [the] party who has agreed to indemnify him, of the pendency of the suit, what it is he requires him to do in the suit, *and the consequences which may follow if he neglect to defend the action.*" (emphasis supplied)

The defendant contends that the letters of August 18 and October 18 fail to specify that Mr. Byerly would be conclusively bound by any judgment rendered against Weaver, and that this failure is fatal to the plaintiff's case.

The plaintiff, on the other hand, points to the word "indemnify" in the August 18 letter and argues that the dictionary definition of that term should have made it clear, even to a layman such as Mr. Byerly, that the plaintiff intended to hold him bound by the California judgment.

The defendant focuses on the words "indemnify Weaver * * * *in this action*" and argues that the latter three words create an ambiguity which should be construed against the drafter, Weaver. The defendant suggests that the phrase "in this action" could mean that Mr. Byerly was merely being asked to re-

**218**

imburse Weaver for its costs of defending the California suit.

 In my judgment, the defendant's position is unsound. Although the notices do not say in so many precise words that the defendant will be concluded by the California judgment if he fails to defend, they adequately satisfy the requirements of California law. In this regard, it is helpful to review the notice given in Pezel v. Yerex, 56 Cal.App. 304, 205 P. 475 (1922). In that case, the demand letter stated that

> "You are therefore notified that in the event the [plaintiff] is successful in his suit against me that I shall institute suit against you to recover the amount recovered against me * * *."

The words "I shall institute suit against you" fail to apprise the indemnitor that any judgment rendered against the indemnitee will be binding upon the indemnitor; yet, the California court found that the notice was sufficient. While it is true that in Pezel the court was addressing itself primarily to the issue of whether the notice adequately requested the indemnitor to come in and defend the suit, the court concluded by saying that "the notices given in the instant case meet the most exacting requirements." With respect to the issue of whether the notices were adequate in requesting the indemnitor to come in and defend, the court found that in each letter he was, "in substance and effect", offered such an opportunity.

Likewise, I believe that the notice given by Weaver, did, in substance and effect, and consistent with California law, advise the defendant of the "consequences which may follow if he neglect to defend the action". See Theisen v. County of Los Angeles, Cal.App., 343 P. 2d 1001, 1007 (1959).

The defendant contends that the plaintiff's second amended complaint is fatally defective because it does not allege that Mr. Byerly had an opportunity to defend the California action. This issue was not raised in the defendant's amended answer or by Motion. Under rules 8(f) and 9

(c), Federal Rules of Civil Procedure, the court considers that paragraph 14 of the second amended complaint is adequate to meet this objection.

In conclusion, the court finds that the notice given to Mr. Byerly was timely and technically sufficient under California law, and that the defendant is bound as to matters determined by the California action.

Counsel for the plaintiff may prepare an order in accordance with the foregoing decision. Said order may be presented to the court for signature, but not before the same has been in the hands of defendant's counsel for at least 5 days.