Opinion
COLE, P. J.
The principal issue in this case is whether an innocent buyer of personal property which turns out to have been stolen can recover as damages, from a seller, attorney’s fees incurred in defending himself against criminal charges arising out of possession of the stolen property. We hold that he can and affirm the judgment below.
Respondent purchased a hand gun from appellant, a properly licensed dealer. Appellant himself had previously bought the gun from a third *Supp. 8 party, one Oehring. Appellant thereafter sold the gun to respondent. At the time he bought the gun and at the time he sold it appellant filed with the appropriate federal and state authorities all of the reports required by law, e.g., Penal Code sections 12071 and 12072. Appellant did not know that the gun was stolen.
After he had purchased the gun and while using it for target shooting, respondent was questioned by an officer who traced the serial number of the weapon, determined that it had been stolen and arrested respondent. It was necessary for respondent to hire counsel to extricate himself from the criminal charges. He thereafter brought this action against appellant, seeking damages for breach of warranty of title. The trial court awarded judgment in the amount of $949, of which $140 represented the price of the gun. Included in the judgment were attorney’s fees of $800.[1]
While appellant challenges the award of damages for the purchase price of the gun on the grounds that “the principle of caveat emptor should apply,” we reject that argument without further discussion (Cal. U. Com. Code, § 2714).
Whether respondent is entitled to recover the attorney fees which he was obliged to incur in defending himself against the criminal charges presents an issue not squarely reflected in any California cases which have been called to our attention or which our research has disclosed.
“In the absence of some special agreement, statutory provision, or exceptional circumstances, attorney’s fees are to be paid by the party employing the attorney. (Code Civ. Proc., § 1021; Reid v. Valley Restaurants, Inc., 48 Cal.2d 606, 610 [5] [311 P.2d 473]; Estate of Reade, 31 Cal.2d 669, 671 [2] [191 P.2d 745]; Estate of Williamson, 150 Cal.App.2d 334, 341 [8] [310 P.2d 77].)
“Exception: A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney’s fees, and other expenditures thereby suffered or incurred. (Stevens v. Chisholm, 179 Cal. 557, 564 [178 P. 128]; Nelson v. Kellogg, 162 Cal. 621, 623 [123 P. 1115, Ann.Cas. 1913D 759]; Contra Costa County Title Co. v. Waloff, 184 Cal.App.2d 59, *Supp. 9 67 [9a] [7 Cal.Rptr. 358]; Rest., Torts (1939) § 914; 15 Am.Jur. (1938) Damages, § 144, p. 552; 25 C.J.S. (1941) Damages, § 50c, p. 534; cf. Estate of Williamson, supra, 150 Cal.App.2d 334, 341.)
“It is urged that this exception is not applicable in this case because of the provisions of section 1021 of the Code of Civil Procedure. That section provides: ‘Except as attorney’s fees are specifically provided for by statute, the measure and mode of compensation of attorneys ... is left to the agreement... of the parties.. ..’
“This section undoubtedly prohibits the allowance of attorney fees against a defendant in an ordinary two-party lawsuit. (Reid v. Valley Restaurants, Inc., supra; American Aero. Corp. v. Grand Cen. Aircraft Co., 155 Cal.App.2d 69, 83 [9] [317 P.2d 694].) Section 1021 is merely a statement of the general rule. (See Rest., Torts (1939) § 914, com. c.)
“The section is not applicable to cases where a defendant has wrongfully made it necessary for a plaintiff to sue a third person. (Stevens v. Chisholm, supra; Nelson v. Kellogg, supra; Contra Costa County Title Co. v. Waloff, supra; Peebler v. Olds, 71 Cal.App.2d 382, 389 [8] [162 P.2d 953].) In this case we are not dealing with ‘the measure and mode of compensation of attorneys’ but with damages wrongfully caused by defendant’s improper actions.” (Prentice v. North Amer. Title Guar. Corp. (1963) 59 Cal.2d 618, 620-621 [30 Cal.Rptr. 821, 381 P.2d 645].)
The only difference between the Prentice case and this one is that in Prentice the wrongful act of the defendant was tortious, while in this case it was a breach of contract.
While, as noted, no California cases discussing this general subject have been discovered,[2] many cases from other jurisdictions have established the proposition that a parly who becomes embroiled in litigation with third persons as a result of the defendant’s breach of contract may recover, as an item of damages, attorney fees incurred in prosecuting or defending the third party litigation, e.g., Safway Rental & Sales Co. v. Albina Engine & Machine Works (10 Cir. 1965) 343 F.2d 129, 133: “It is established under Oklahoma decisions that reasonable attorney fees are recoverable when necessarily incurred in litigation with a third party as a consequence of a wrongful act of the defendant. It was expressly so held *Supp. 10 in Security State Bank of Comanche, Okl. v. W. R. Johnston & Co., 204 Okl. 160, 228 P.2d 169, where the court quoted such a doctrine from 25 C.J.S. Damages § 50, and from McGaw v. Acker, Merrall & Condit Co., 111 Md. 153, 73 A. 731. The legal fees and other expenses of such litigation are there treated as ‘legal consequences of the original wrongful act.’ The rule is broadly stated, and is not limited to tort nor to contract actions. The Oklahoma court had previously recognized the doctrine in Hertzel v. Weber, 118 Okl. 82, 246 P. 839. The A.L.I. Restatement, Torts, and of Contracts, states the same doctrine. See also Annot., 45 A.L.R.2d 1187, and General Electric Co. v. Mason & Dixon Lines, Inc., D.C., 186 F.Supp. 761.”
In Pacific Coast Title Ins. Co. v. Hartford Acc. & Ind. Co. (1958) 7 Utah 2d 377 [325 P.2d 906], at page 907, the court recognized the rule that attorney fees are not generally recoverable unless expressly provided for by contract or statute. It stated, however, that the rule applies only to claims for attorney, fees within the action itself (exactly as Prentice v. North Amer. Title Guar. Corp., supra, had stated (59 Cal.2d, at pp. 620-621)). It allowed recovery of attorney fees as damages, where they were incurred as a result of defendant’s breach of contract.
It appears to be the general rule in those United States jurisdictions which have considered the problem that attorney fees incurred in litigation with third parties may be recoverable as damages in an action for breach of contract. (Annot., Attorneys’ Fees Incurred in Litigation With Third Persons As Damages in Action for Breach of Contract, 4 A.L.R.3d 270. See also 25 C.J.S. 787-788, Damages, § 50; 22 Am.Jur.2d 236, Damages, § 166; Annot., Damages—Attorney Fees, 45 A.L.R.2d 1183, 1185, fn. 5.) We see no reason why the general rule applied elsewhere should not also be adopted in this state, and we follow it in this case.
It is, of course, true that in an action seeking damages for breach of contract, only such damages may be allowed as may reasonably be supposed to have been within the contemplation of the parties to the contract at the time they entered into the agreement. {Hunt Bros. Co. v. San Lorenzo etc. Co. (1906) 150 Cal. 51, 56 [87 P. 1093].) Appellant urges, in effect, that attorney fees expended in extricating respondent from his arrest were not proximately caused (Civ. Code, § 3300) and should not be allowed here. We disagree.
In Weaver v. Bank of America (1963) 59 Cal.2d 428 [30 Cal.Rptr. 4, 380 P.2d 644], a depositor alleged that the bank had wrongfully refused to pay *Supp. 11 a check written by her and had indicated upon the face of the check that the account was closed. The payee, in reliance on that marking, swore out a warrant for plaintiff’s arrest and, as occurred in the instant case, plaintiff was arrested, charged with a criminal offense, and temporarily confined. She sued the bank for damages. The trial court in Weaver sustained a demurrer to the complaint without leave to amend, and judgment was entered for defendant. In reversing, the Supreme Court stated, inter alia, “We cannot hold as a matter of law that the intervening arrest here was so remote a possibility that the bank could not reasonably have foreseen it. The foreseeability of the risk generally frames a question for the trier of fact.... If If we consider the case from the viewpoint of a contract action, we reach the same conclusion. While the causal extent of damages may be more limited than in tort, [citations omitted] nevertheless, damages actually contemplated, or within the reasonable contemplation of the parties, are recoverable. Such contemplation of the parties does not ordinarily compose an issue which can be resolved on demurrer [citations omitted]. The risk of the arrest of the depositor does not depend upon any special circumstances unknown to the bank; it is not so remote a contingency that this court could hold as a matter of law that it would have been unreasonable for the parties to consider it. ... H We therefore hold that, whether plaintiff’s complaint be conceived as sounding in tort or contract, plaintiff has alleged a breach of duty and damages which are sufficiently causally connected to state a cause of action....” (59 Cal.2d, at pp. 434-435.)
In the case at bench the trial court has impliedly found (there being no express findings of fact or conclusions of law) that the parties could reasonably have contemplated at the time appellant sold the hand gun to respondent that if respondent’s possession of it was questioned, and the gun turned out to be stolen, respondent would be subject to arrest for receiving stolen property (Pen. Code, § 496). We cannot say that that factual finding was unwarranted, particularly considering that it was a gun that was involved. Once the foreseeability of arrest is established, a natural and usual consequence is that appellant would incur attorney’s fees. (Pacific Coast Title Ins. Co. v. Hartford Acc. & Ind. Co., supra, 325 P.2d, at p. 908.)
There remains for consideration the fact that the action was cast in the form of a buyer seeking damages for breach of warranty of title. That subject,[3] now covered by California Uniform Commercial Code sections *Supp. 12 2714 and 2715, was, prior to 1931, found in Civil Code section 3312 (from 1931 to 1963 when the California Uniform Commercial Code was enacted, Civ. Code, § 1789 was the operative statute). Section 3312 read: “The detriment caused by the breach of warranty of the title óf personal properly sold, is deemed to be the value thereof to the buyer, when he is deprived of its possession, together with any costs which he has become liable to pay in an action brought for the property by the true owner.”
In Pezel v. Yerex, supra, footnote 2 of this opinion, 56 Cal.App. 304, the plaintiff had innocently bought a stolen automobile, had resold it and had been forced to pay damages to his buyer as a result of litigation brought by the latter. The appellate court denied recoveiy of plaintiff’s attorney fees on the narrow ground that such fees were not costs within the meaning of section 3312. In view of the change in statutory language, Pezel v. Yerex has become outdated with respect to the right to include attorney fees as damages in the event of a breach of warranty of title.
“Under the Uniform Commercial Code, it would seem that the buyer may in a proper case measure damages by the loss resulting in the ordinary course of events from the seller’s breach as determined in any manner which is reasonable, and this rule should apply to breach of warranty of title, as to any other breach.” (67 Am.Jur.2d, Sales, § 754, p. 977; Universal etc. Corp. v. State Farm etc. Co. (Mo.App. 1973) 493 S.W.2d 385, 391.)
The judgment is affirmed. Respondent to recover costs on appeal.
Wenke, J., concurred.

(The additional $9 is not explained in the record. It is apparently interest on the sum of $500 cash which respondent had to post as bail while the criminal charges were pending.)

We separately treat hereafter Pezel v. Yerex (1922) 56 Cal.App. 304, 311-312 [205 P. 475],

Section 2714. “(1) Where the buyer has accepted goods and given notification (subdivision (3) of Section 2607) he may recover as damages for any nonconformity of *Supp. 12 tender the loss resulting in the ordinary course of events from the seller’s breach as determined in any manner which is reasonable. “(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. “(3) In a proper case any incidental and consequential damages under the next section may also be recovered.” Section 2715. “(1) Incidental damages resulting from the seller’s breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach. “(2) Consequential damages resulting from the seller’s breach include “(a) Any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and “(b) Injury to person or property proximately resulting from any breach of warranty.”