560 P.2d 789

**Milton G. PACE, Individually and doing business as Truck City Lumber, Appellant,**

v.

**SAGEBRUSH SALES COMPANY, Appellee.**

**No. 12684.**

Supreme Court of Arizona, In Division.

Feb. 1, 1977.

Skousen, McLaws & Skousen, P.C. by John Larry McLaws, Mesa, for appellant.

Hedberg & Kirschbaum by Joel R. Kirschbaum, Phoenix, for appellee.

HAYS, Justice.

This is an appeal from two orders of the trial court granting a motion for summary judgment to the plaintiff, Sagebrush Sales Company (hereinafter referred to as "Sagebrush"), and denying Milton Pace and Truck City Lumber (hereinafter referred to as "Pace"), the defendants, their motion for a new trial. We have jurisdiction of this appeal pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5).

This dispute arose out of a sale of lumber made by Jack Hubbard acting as an agent for Sagebrush, a New Mexico corporation and wholesale lumber supply dealer, doing business in Maricopa County, to the defendant, Pace, a wholesale and retail lumber dealer. On March 8, 1974 Hubbard offered to sell to Pace a variety of lumber items of excess inventory on special terms. Pace ordered a large portion of the materials offered. The goods were delivered to the defendant's lumber yard in a series of shipments between March 15 and March 19 of that year.

As the trucks were unloaded at the defendant's yard, the material shipped was receipted for by the defendant himself or by one of his employees. Two of the truckloads contained materials that the defendant allegedly did not order, but the defendant nevertheless permitted the unordered lumber to be unloaded without objection. The defendant did however write upon his copy of the invoice the words "not ordered."

Within a short time of the receipt of the unordered goods, the defendant called the plaintiff's place of business to speak to Jack Hubbard. Hubbard was not present but the defendant did talk with another employee of the plaintiff. Defendant Pace asked the employee why they were sending him extra lumber. The employee replied that he did not know but that he would have Hubbard call Pace. No further complaint was made prior to this suit.

The goods, signed, receipted and accepted by Pace, were then placed into the defendant's inventory and were henceforth continuously offered for sale to the public. A portion of the goods were sold.

The total deliveries billed to Pace amounted to $18,740.61. Of that total amount due, $6,000.00 had been paid prior to the filing of this lawsuit. Another $6,000.00 check had been received by Sagebrush but Pace stopped payment of that check apparently upon learning that suit had been instituted against him.

This suit was filed on July 3, 1974, to recover the amount still due for the lumber delivered, to wit, $12,740.61. Pace answer-

ed and counterclaimed on July 23, 1974, denying the debt and alleging defects in the material and misrepresentations on the part of Sagebrush's agent, Jack Hubbard. In January of 1975, Sagebrush moved the court for summary judgment, claiming essentially that the debt was admitted by Pace and that Pace's counterclaims were barred by his failure to notify the seller, Sagebrush, of the alleged defects. The defendant opposed the motion and moved to amend his answer and counterclaim. The motion to amend was granted, and on March 21, 1975, Pace further alleged fraud on the part of Hubbard in delivering goods of a lesser quality than represented.

On April 3, 1975, summary judgment was granted the seller, Sagebrush. Pace moved the court for a new trial and the motion was denied. This appeal followed. The ultimate issues now before us are whether there exists any material questions of fact and if not, whether the plaintiffs are entitled to judgment as a matter of law.

The defendant, Pace, urges that whether there was a sale, whether notice of defects in the shipments was given, whether notice was reasonable, and whether, irrespective of notice, fraud was involved are all questions of fact to be resolved by the jury.

The standard of review is settled. In determining the propriety of granting summary judgment we must view the evidence in the light most favorable to the party opposing the motion, *Savoca Masonry Co. v. Homes & Son Constr. Co.*, 112 Ariz. 392, 542 P.2d 817 (1975), and must reverse the order granting the motion if, upon a review of the entire record, there are any material disputed questions of fact which if resolved against the moving party could adversely affect the final judgment. *Krumtum v. Burton*, 111 Ariz. 448, 532 P.2d 510 (1975).

Pace first argues that the trial court erred in assuming that a sale had been consummated concerning the two truckloads of materials not ordered by Pace. He argues that a "sale" is a prerequisite to acceptance and that whether a sale occurred is a question of fact. We do not agree.

The defendant's concern with whether there was a sale prior to acceptance is totally inappropriate. First of all, a sale is defined as the passing of title from a seller to a buyer, A.R.S. § 44–2306(A), and as such, a sale would oftentimes be consummated by way of acceptance. Secondly, acceptance is clearly defined in A.R.S. § 44–2369 and nowhere in that section is a sale either directly or implicitly made a prerequisite to acceptance. Finally, in this case there can be no question but that Pace did accept the goods. A.R.S. § 44–2369(A)(3) defines acceptance as occurring when, among other things, the buyer does any act inconsistent with the seller's ownership. Here, Pace took possession of the goods, put them into inventory in his yard, offered them for sale to the public and did, in fact, sell a portion thereof. Moreover, he failed to effectively express dissatisfaction, made a partial payment on the goods and never attempted to return or tender the shipment back. We hold that as a matter of law Pace accepted the goods under A.R.S. § 44–2369.

The defendant next contends that whether he gave notice to the seller of the defects is a question of fact. The issue of notice arises under a breach of warranty theory. In his counterclaim the defendant asserted that the goods received were not of merchantable quality and he accordingly sought damages. A condition precedent to recovery under such a breach of warranty theory is notice of the breach to the seller within a reasonable time of discovering the breach. Section 44–2370 is clear:

"C. Where a tender has been accepted:

"1. The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy;

. . . .
. . . ."

We have already determined that there was acceptance of the goods. The defendant argues that the seller was apprised of the defects in the lumber upon the filing of the answer and counterclaim on July 23,

1974. The defendant further argues that whether that was "within a reasonable time" is necessarily a question of fact for the jury.

■ Pursuant to the authorities of *Dowdle v. Young*, 1 Ariz.App. 255, 401 P.2d 740 (1965), and *Davidson v. Wee*, 93 Ariz. 191, 379 P.2d 744 (1963), we agree with the defendant that the requirement of notice may indeed be fulfilled by the pleadings themselves. However, we cannot agree that the question of reasonableness is always a matter for the jury.

> "Whether notice is reasonable is a matter to be resolved by the jury *unless* it appears that only one finding can legally be derived from the circumstances." (Emphasis added). *Davidson v. Wee, supra,* 93 Ariz. at 200, 379 P.2d at 749.

We are of the opinion that under the facts of this case only one conclusion can be drawn and that is that notice, by way of the pleadings, was not, as a matter of law, made within a reasonable time after Pace discovered *or* should have discovered the breach.

■ First of all, we note that this transaction involved parties, both of whom are "merchants" as defined in A.R.S. § 44–2304(A) and who, as such, are held to a higher standard of dealing than ordinary consumers. *See* 1 Anderson's Uniform Commercial Code, Section 2–104.3. Keeping this in mind, we consider the facts and time span here involved. Pace accepted and receipted the goods between the 15th and 19th of March. In his deposition, Pace testified that his common practice upon receiving goods was to make a general inspection prior to signing his initials to the load manifest sheet and to make a more careful inspection of the goods the day following delivery. Thus, according to the defendant's own customary procedures, it appears that he ought to have discovered any possible defects in the lumber either at the time of delivery or soon thereafter. Moreover, his testimony shows that at one point, a customer who had purchased some of the lumber complained to Pace that it was defective, thereby putting Pace on notice that

problems may have existed with the lumber. This occurred between one to two months prior to the filing of this suit. In any event, irrespective of whether Pace was in fact aware of any deficiencies in the shipments, it is clear that he should have been made aware of them *long before* his answer and counterclaim were filed in July of 1974.

The requisite notice was finally given over four months following receipt of the lumber. Considering that Pace is a merchant held to a higher standard of dealing than consumers; that lumber is of a semi-perishable nature when left outside, as it was here; that Pace had the goods in his yard for sale with ample opportunity to inspect; and that he should have discovered any defects soon after acceptance of the goods, we think it manifest that as a matter of law, notification four months after acceptance is not a reasonable time within which to notify a seller of defects in goods sold. Thus, as concerns the defendant's breach of warranty theory alone, the judgment of the court below was proper.

■ We next consider whether Pace established a counterclaim in fraud. Pace alleged the existence of the nine elements of fraud in his amended answer and counterclaim and he attempted to support his allegations by affidavit. Rule 56(e) of the Rules of Civil Procedure, 16 A.R.S., as amended, sets forth the requirements of the form and substance of affidavits used to oppose a motion for summary judgment. That rule reads, in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added).

From an examination of the record including the supporting affidavits, we are of the opinion that the defendant did not come

forward with sufficient specific facts to support his claim for relief so as to preclude summary judgment. To establish an actionable claim of fraud, there must be a concurrence of all nine elements thereof. *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966). The defendant's affidavit draws general conclusions to the effect that Hubbard's misrepresentations were made intentionally and with knowledge of their falsity, and that he was damaged. The specific facts, however, which led the affiant to arrive at these conclusions are not made evident. Mere conclusions of ultimate facts and law and general allegations do not fulfill the requirement that the supporting affidavits set forth specific facts showing a genuine fact issue exists. *Harmon v. Szrama,* 102 Ariz. 343, 429 P.2d 662 (1967). Although it appears from the record that Pace was prepared to show that the goods received were not precisely the same as represented by Hubbard, there was no evidence offered to demonstrate the existence of the other requisite elements of fraud. Instead, the defendant argues that the elements of intent to induce reliance, knowledge of the falsity of the representations and damages should have been inferred solely from the conduct of the plaintiff's agent, relying on *Carrel v. Lux,* 101 Ariz. 430, 420 P.2d 564 (1966). That case, however, is distinguishable from the one at bar insofar as specific evidence was there presented from which an inference of the requisite elements could be drawn. Here, viewing the evidence in the light most favorable to the defendant, we have nothing more than general allegations with no facts tending to support those allegations.

"[I]t is elementary that an opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists, but rather he must show that evidence is available which would justify a trial of that issue." *Feuchter v. Bazurto,* 22 Ariz.App. 427, 429, 528 P.2d 178, 180 (1974).

Upon our review of the record, we hold that the defendant has failed to meet the requirements of rule 56(e).

It having been clearly established that Pace was indebted to Sagebrush in the sum of $12,740.61 and Pace having failed to establish that any material questions of fact exist or that the plaintiff was not entitled to judgment as a matter of law, the grant of the motion for summary judgment was proper.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.