Michael Allen BEGLEY, Plaintiff,

v.

JEEP CORPORATION, et al., Defendants.

Civ. A. No. 76–0369–A.

United States District Court, W. D. Virginia, Abingdon Division.

June 11, 1980.

**64**

Thomas J. Harlan, Jr., Doumar, Pincus, Knight & Harlan, Norfolk, Va., Carl W. Newman, Shannon & Newman, Appalachia, Va., for plaintiff.

Charles B. Flannagan, II, Woodward, Miles & Flannagan, Bristol, Va., for defendants.

Jackson S. White, Jr., White, Elliott & Bundy, Abingdon, Va., for third party defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Plaintiff instituted this suit on April 26, 1976, against Jeep Corporation ["Jeep"], Fred Trent, d/b/a Reliable Motor Company ["Reliable"], American Motors Corporation ["AMC"], and American Motors Sales Corporation ["AMSC"]. He seeks damages for personal injuries sustained in an automobile accident. The action is predicated on two grounds: negligence and breach of warranty with respect to the braking system of the Jeep involved in the accident.

Defendants Jeep, AMC, and AMSC were allowed by court order dated August 16, 1978, to file third-party complaints for indemnification or contribution from Bendix Corporation ["Bendix"] and Wagner Electric Corporation ["Wagner"]. These complaints were filed on September 5, 1978,[1] alleging breach of warranty by defendants with respect to the braking system. Bendix was the alleged manufacturer of the braking assembly; Wagner allegedly manufactured the brake fluid.

■ The cause now comes to be heard before this court on Bendix's and Wagner's motions for summary judgment. The third-party defendants argue that the third-party plaintiffs failed to give timely notice of the breach of warranty under Va.Code § 8.2–607(3)(a) (Add.Vol.1975).[2] That section provides:

1. Defendants also sent a letter to the third-party defendants notifying them of the suit "in advance," with complaint attached. Although the letter was dated August 29, 1978, a handwritten note on the letter indicates it was mailed on September 6, 1978.

2. A federal court sitting in Virginia must apply the substantive law of Virginia in a diversity case, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including the forum's choice of law rules. *Klaxon v. Stentor Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The first question to be addressed under Virginia's choice of law rules, therefore, is whether the issue is procedural or substantive. "Matters of substantive law are governed by the law of the place of transaction, and matters of remedy and procedure are governed by the law of the place where the action is brought." *Willard v. Aetna Casualty & Surety Co.*, 213 Va. 481, 483, 193 S.E.2d 776, 778 (1973).

The question of whether the third-party defendants were properly brought in to this action is clearly a matter of procedure, going to the remedy rather than the right of action itself, and Virginia law shall be applied. *See* 16 Am.Jur.2d *Conflict of Laws* §§ 118, 120 (1979).

In any event, counsel has informed the court that the law of the three states involved, Ohio, Tennessee, and Virginia, does not differ on this issue.

Where a tender has been accepted the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.

Plaintiff maintains that § 8.2–607(3)(a) is not the proper section to be applied, but rather should be § 8.2–607(5)(a), which states:

Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over he may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the two litigations, then unless the seller after seasonable receipt of the notice does come in and defend he is so bound.

Va.Code Ann. § 8.2–607(5)(a) (Add.Vol. 1975).

■ The court perceives subsections 3(a) and 5(a) as operating together, rather than being mutually exclusive: the intermediate seller is required to give notice of a breach of warranty to his seller under subsection 3(a) in order to reserve his rights, but he may also give him notice of litigation regarding the breach if he wishes to bind him to adjudication of common questions of fact arising out of suit by the subpurchaser. *See Uniroyal, Inc. v. Chambers Gasket & Mfg. Co.*, 380 N.E.2d 571 (Ind.App.1978). Therefore, plaintiffs are mistaken in assuming that subsection 5(a) applies in this case, thereby relieving them of the requirements

in § 8.2–607(3)(a).[3] The only notice defendants received was a third-party complaint for indemnity or contribution and a letter to that effect. The third-party plaintiffs did not utilize the vouching in procedures available to them under § 8.2–607(5)(a). Plaintiff never notified Bendix and Wagner that they "may come in and defend and that if the seller does not do so he will be bound in any action against him by buyer by any determination of fact common to the two litigations." Va.Code Ann. § 8.2–607(5)(a) (Add.Vol.1975). Jeep has filed a separate suit against Bendix and Wagner, to which the binding adjudication rule of 5(a) may have been applicable *if* it had been utilized by plaintiffs. *See Bendix-Westinghouse Automotive Brake Co. v. Swan Rubber Co.*, 55 Cal.App.3d 256, 127 Cal.Rptr. 571 (1976).

■ The only question before the court, therefore, is whether plaintiffs gave defendants "reasonable" notice of the breach of warranty. Ordinarily, this is a question of fact reserved for the jury, *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 587 F.2d 813, 821 (6th Cir. 1978); however, if the evidence is clear, the court can rule as a matter of law that a party failed to give proper notice. *Cotner v. International Harvester*, 260 Ark. 885, 545 S.W.2d 627 (1977). The burden of proof is on the plaintiff to show that notice was given within a reasonable time. *Standard Alliance, supra*, at 821.

■ Assuming the letter sent to the defendants on September 6, 1978 was a proper method of notification,[4] the court must ad-

---

**3.** One court has indicated it doubts whether the notice requirement in § 2–607(3)(a) is applicable in the situation where the intermediate seller has brought in the manufacturer on a cross-complaint for indemnity. *Rock Creek Ginger Ale Co., Inc. v. Thermice Corp.*, 352 F.Supp. 522 (D.D.C.1971). The court deemed the section to be of "questionable applicability" because (1) the third-party plaintiff was neither seeking to return the defective goods; (2) nor was it seeking a rebate as a result of its defective condition. *Id.* at 528.

This logic presumes that the notice requirement only serves those two ends. Official Comment 4 to § 2–607(3)(a) indicates, however, that the notice operates to open the way

for normal settlement through negotiation. Va. Code Ann. § 8.2–607(3)(a), Offl. Comment 4 (Add.Vol.1975). In addition, the notice allows the seller to attempt to cure the problem or affords the seller an opportunity to prepare for litigation. White & Summers, Uniform Commercial Code 344 (1972). Because a seller needs to be informed of any possible claims against it by its buyer, the notice requirement should apply.

**4.** Some courts have held that service of complaint is insufficient notice of breach of warranty. *E. g. Voboril v. Namco Leisure World, Inc.*, 24 U.C.C.Rep. 614 (Conn.Sup.Ct.1978); *Cotner v. International Harvester Co.*, 260 Ark. 885, 20

dress the issue of whether the two-year and five-month lapse between the time plaintiffs learned of the suit against them and when they notified Bendix and Wagner of their indemnity/contribution claim was unreasonable notice.

The only evidence presented to the court by plaintiffs is an affidavit of John M. Sheridan, Secretary of Jeep Corporation, with letter attached, that indicates notice of breach of warranty was given on September 6, 1978. Defendants argue that plaintiffs should have given them notice of the claim shortly after they were served with the complaint filed by Begley in April of 1976, because they knew at that time that defendants' products were involved. The Begley complaint specifically mentions the braking assembly and fluid as the defective parts causing the accident. Defendants further aver that plaintiffs had specific knowledge of Begley's cause of action and its theories by January 31, 1977, when Begley answered Jeep's interrogatories. Included in the answers to interrogatories were the names of Begley's expert witnesses and the nature of their testimony.

The records before the court clearly indicate that Jeep, AMC, and AMSC were aware in April of 1976 that Bendix's and Wagner's products were involved and, therefore, that there was a potential warranty claim to be asserted against them. A merchant buyer is held to a commercial standard to determine adequacy of notice. Va.Code Ann. § 8.2–607, Offl. Comment 4 (Add.Vol.1975). Plaintiffs have failed to support their burden of proof that the notice was given within a reasonable period. They have not given any reason to excuse their delay. Defendants, on the other hand, point to the disadvantageous position they have been put in by the late notice. They claim they have been deprived of the opportunity (1) to investigate the claim in a timely manner; (2) to participate in settlement negotiations before full-scale litigation; and (3) to timely depose potential witnesses,

whose memories have since been dimmed by time. The likelihood of prejudice to defendants is great.

Other courts have held that a nine-month or one-year lapse was unreasonable when the parties involved were merchants. *Standard Alliance Industries, Inc. v. Black Clawson, Inc.*, 587 F.2d 813 (6th Cir. 1978); *Steel & Wire Corp. v. Thyssen*, 20 U.C.C.Rep. 892 (E.D.Mich.1976). The *Thyssen* court astutely pointed out that, since the notice could be given orally,[5] the plaintiff was in a difficult position to argue that it was more reasonable to wait nine months before notifying the seller. 20 U.C.C.Rep. at 897.

In light of the circumstances, the court finds that plaintiffs have violated the letter and spirit of § 8.2–607(3)(a) by waiting over two years to give defendants notice and, therefore, its sanction should operate against them.

In accordance with the opinions expressed above, Bendix's and Wagner's motions for summary judgment are granted.

---

U.C.C.Rep. 1168 (1977); *Solomon & Son v. Thomas*, 45 Lucerne Leg.Reg.R. 269, 93 A.L.R.3d 386 (Pa.1955).

5. White & Summers, Uniform Commercial Code 348 (1972).