## Beneficial Commercial Corp. v. Brueck

*Charles E. Bobinis,* for plaintiff.
*Marion E. Popiel,* for defendants.
*Mark S. Frank,* for additional defendant Eastern Copy Products.
*William H. Hauser,* for additional defendant Sharp Electronics.

WETTICK, *J.*, August 10, 1982—The subject of this opinion and order of court is the preliminary objections of additional defendant Sharp Electronics Corporation (Sharp) to the complaint to join Sharp filed by additional defendant Eastern Copy Products, Inc. (Eastern).

In this action, plaintiff alleged that defendants defaulted on a lease agreement covering a Sharp copying machine which plaintiff leased to defendants. In their answer to plaintiff's complaint, defendants alleged that they purchased this copying machine from Eastern and that through the lease agreement, plaintiff, as Eastern's agent, financed the purchase. Subsequently, defendants filed a third party complaint joining Eastern on a breach of warranty claim. Eastern, in turn, joined Sharp which filed preliminary objections in the nature of a demurrer.

## I.

Sharp contends that Eastern's complaint must be dismissed because Eastern's pleadings do not allege that any notice of complaints concerning the photocopier was given to Sharp. The notice requirements are set forth in Sections 2607(c)(1) and 2607(e) of the Uniform Commercial Code (13

Pa.C.S.A. §2607(c)(1), 2607(e)[1] which read as follows:

"(c) Notice of Breach.—Where a tender has been accepted:

(1) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedies;"

"(e) Notice of Litigation to Person Answerable Over.—Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over:

(1) He may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the two litigations, then unless the seller after reasonable receipt of the notice does come in and defend he is so bound."

Sharp contends that Eastern must plead facts showing that it notified Sharp of the alleged breach within a reasonable time after Eastern learned of its customer's complaints. Because of its failure to provide such notice, Sharp contends that Eastern's complaint should be dismissed.

Eastern, on the other hand, contends that only the notice provision of Section 2607(e) applies to a claim by a distributor against the manufacturer. If the notice provision of Section 2607(c) was also applicable, subsection (e) would be mere surplusage because the manufacturer already would have

---

1. Hereinafter, any reference to a section refers to a section of the Uniform Commercial Code as found in 13 Pa.C.S.A. §1101 et seq.

had notice. Additionally, it is Eastern's position that even if the notice provision of Section 2607(c) applies, no notice is required until the buyer's breach of warranty claim is established. Thus, where the distributor disputes the warranty claim, notice is not required until a court resolves the dispute against the distributor. For these reasons, Eastern contends that Sharp's demurrer to its complaint on the ground of failure to plead facts alleging that reasonable notice of the breach was given is without merit.

We hold that Section 2607(c) applies to a distributor's warranty claims against the manufacturer. The notice provisions of subsections (c) and (e) of Section 2607 serve different functions. Section 2607(c)'s requirement that the buyer notify the seller of the breach within a reasonable time after he discovers or should have discovered the breach gives the manufacturer the opportunity to cure the defect, settle the claim through negotiation, and gather information that may assist in defending the claim. See generally, Comment 4 to Section 2607;[2] Comments 1 and 2 to Section 2605; White and Summers, Uniform Commercial Code, §11-10 (2d Ed. 1980); Anderson, Uniform Commercial Code, Vol. 2, §2-607:4 (2d Ed. 1971); Prutch v. Ford Motor Co., _____ Col. _____, 618 P. 2d 657, 661 (1980); and Maybank v. S.S. Kresge Co., 302 N.C. 129, 273 S.E. 2d 681 (1981). The purpose of Section 2607(e)'s notice requirement, on the other hand, is to prevent a multiplicity of lawsuits and inconsistent verdicts by creating a mechanism whereby all

---

2. Pending publication of Title 13 Pa.C.S.A. complete with the text of the Pa. Bar Association Notes and the official U.C.C. Comments, the latter can be found at Purdon's Title 12A. See Explanation at 13 Pa.C.S.A., page III.

interested parties will either participate in the litigation or be bound by its findings. See generally, Begley v. Jeep Corp., 491 F. Supp. 63 (W.D. Vir., 1980), Uniroyal, Inc. v. Chambers Gasket and Manufacturing Co., 380 N.E. 2d 571 (Ind. App., 1978); and Anderson, supra, at §§2-607: 50-56.

Also, compliance with Section 2607(e)(1) is optional. If the buyer recovers against the distributor on a breach of warranty claim, the distributor who has not given notice of the litigation under Section 2607(e)(1) may still sue the manufacturer on the ground that the manufacturer is liable over—the only effect of the distributor's noncompliance with Section 2607(e)(1) is that the manufacturer is not bound by any determinations of fact made in the previous lawsuit. Consequently, if a distributor is not required to comply with Section 2607(c)'s notice requirement, a manufacturer could be forced to defend a breach of warranty claim of which it first received notice after the completion of the buyer's lawsuit against the distributor. Such a result is inconsistent with the reasons for the Code's notice protections.

Cases which hold that Section 2607(c)'s notice requirement applies to a distributor's claim against a manufacturer include Goldstein v. G.D. Searle and Co., 62 Ill. App. 3d 344, 378 N.E. 2d 1083 (1978); Consolidated Pipe and Supply Co., Inc. v. Stock and Valves and Fittings, Inc., _____ Ala. _____, 365 So. Rptr. 2d (1978); Redman Industries v. Binkey, 274 So. 2d 621 (Court of Appeals of Alabama, 1973); Uniroyal, Inc. v. Chambers Gasket and Manufacturing Co., supra; and Begley v. Jeep Corp., supra.

The requirements that Section 2607(c) place on the intermediate seller are specifically enunciated

in Goldstein v. G.D. Searle and Co., supra, as follows:

"We, therefore, believe the rule to be that the remote manufacturer may raise as a defense to the maintenance of suit by a subpurchaser for a breach of implied warranty the latter's failure to reasonably notify his immediate seller of the breach except that, for obvious reasons, such a defense should be unavailable where the manufacturer has already been given notice of breach by the subpurchaser. Such a rule obviates placing a duty upon the unsophisticated consumer to notify a party with whom he has not dealt (citation omitted) and yet affords the remote manufacturer (whether suit alone or with others) the protection of the code: i.e., the avoidance of being 'confronted with stale claims thereby preventing the marshalling of evidence for a defense.'" (citation omitted) 378 N.E. 2d at 1087-8.

We also accept the reasoning of the court in Begley v. Jeep Corp., supra, rejecting the contention that only the notice requirement of Section 2607(e) applies to the subpurchaser.

"The court perceives subsections 3(a) and 5(a) as operating together, rather than being mutually exclusive: the intermediate seller is required to give notice of a breach of warranty to his seller under subsection 3(a) in order to reserve his rights, but he may also give him notice of litigation regarding the breach if he wishes to bind him to adjudication of common questions of fact arising out of the suit by the subpurchaser. (citation omitted) Therefore, plaintiffs are mistaken in assuming that subsection 5(a) applies in this case, thereby relieving them of

the requirements of [subsection (3)(a)]." 491 F. Supp. ad 65.

Having concluded that the notice provision of Section 2607(c) is applicable, we next consider Sharp's contention that Eastern's complaint is defective because it does not allege compliance with this provision.

We agree with the cases which hold that reasonable notification is a condition precedent to recovery, and, therefore, the claimant has the burden of pleading compliance with Section 2607(c)'s requirements. See Maybank v. S.S. Kresge Co., supra, 273 So.E. 2d at 683-4 and cases cited therein: Sincavage v. Howell, 8 D. & C. 2d 511 (Luzerne, 1957); The Bomyte Co. v. L-CO Cabinet Corp., 35 Northumberland Legal Journal, 160 (1963); A. & H. Paint Co. v. George M. Michael, 21 Lawrence County Law Journal, 153 (1962); Champion Spark Plug Co. v. Maxwell Dynamometer Co., 10 Chester County Rep. 448 (1962); but see Pritchard v. Liggett and Meyers Tobacco Co., 134 F. Supp. 829 (W.D. Pa., 1955); and Rich's Restaurant v. McFann Enterprises, Inc., 39 Col. 545, 570 P. 2d 1305 (1977).[3]

---

3. Our holding that the distributor must meet the requirements of Section 2607(c), if recovery from its seller is sought, and Section 2607(e), if it is to bind its seller to any factual determinations, does not necessarily mean that separate notices are required. Under certain circumstances, it appears that a third party complaint may meet the requirements of both subsections. See Yates v. Clifford Motors, Inc., 283 Pa. Superior Ct., 293, 423 A. 2d 1262 (1980); Goldstein v. G.D. Searle and Co., supra; Pace v. Sagebrush, 114 Ariz. 271, 560 P. 2d 789 (1977), and cases cited therein; but see Armco Steel Corp. v. Isaacson Structural Steel Co., 611 P. 2d 507 (Alaska Supreme Court, 1980); Solomon and Son v. Thomasas, 45 Luzerne 269 (1955); Anderson, supra, at 2-607:28; see generally, 93 A.L.R. 3d 363, §6(c).

Finally, for the reasons given in this opinion's discussion of the applicability of Section 2607(c)(1) to the distributor's claim against a manufacturer, we find no merit to Eastern's contention that the notice provision of Section 2607(c)(1) is not operative until the alleged breach is established. Comment 4 to Section 2607 provides two exampless of the type of notice that a distributor who contests the buyer's claim of a warranty breach may provide: notice is adequate when it "let[s] the seller know that the transaction is still troublesome and must be watched," or "such as informs the seller that the transaction is claimed to involve a breach."

In the present case, Eastern has not pleaded facts showing that notice was given within a reasonable time after Eastern discovered or should have discovered defendants' continued dissatisfaction with the copying machine. Consequently, on the basis of our holdings that notice of a breach must be provided within a reasonable time and that compliance with this notice requirement must be pleaded, we sustain Sharp's demurrer, subject to Eastern's right to amend.

## II.

Sharp also demurrers on the ground that the claims of Eastern and all other parties against Sharp are without merit because there is no privity of contract among Sharp, Eastern, and the other parties to this litigation. We overrule this demurrer on the basis of this court's decision in Beneficial Commercial Corp. v. Strassburger, no. 02424-81 (Allegheny County), holding that the lack of vertical privity is not a bar to recovery in claims involving economic loss.

For these reasons, we enter the following order of court

## ORDER

On this August 10, 1982, it is hereby ordered that the preliminary objections in the nature of a demurrer of Sharp Electronics Corporation to the third party complaint of Eastern Copy Products, Inc., are sustained and that Eastern Copy Products, Inc., has 30 days in which to file an amended complaint.