No. 88-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

PAUL BROKKE,

        Plaintiff and Respondent,

  -vs-

ALBERT D. WILLIAMS d/b/a AL'S PAWNSHOP,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Albert D. Williams, Pro Se, Bozeman, Montana

    For Respondent:

        Paul Brokke, Pro se, Bozeman, Montana

---

Submitted on Briefs: Dec. 9, 1988

Decided: January 5, 1989

Filed:

FILED '89 JAN 5 PM 1 38 MONTANA SUPREME COURT

ED SMITH
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is an appeal from judgment entered in the Eighteenth Judicial District awarding damages in the amount of $89.95 plus costs to plaintiff Paul Brokke. Both Brokke and Williams are pro se litigants. Defendant Williams appeals. We affirm.

The issue on appeal is whether a merchant can disclaim responsibility for furnishing title to goods sold in his business by placing "sold as is" signs in his establishment. We hold that he cannot.

Albert D. Williams operates a pawnshop in Bozeman, Montana. Plaintiff Paul Brokke entered defendant's business on October 31, 1985, and placed a Pentax Super Program camera on layaway by paying a $20 down payment and agreeing to pay the $69.95 balance due on the purchase. The camera was stolen property.

On November 4, 1985, plaintiff paid the remaining balance on the layaway transaction and took possession of the camera, serial number 1190586. Later that same month, plaintiff was notified by the Bozeman police department that the camera was stolen property. He was directed to surrender the camera to the police department which he did on November 18, 1985.

Plaintiff promptly returned to the pawnshop and requested a refund for his purchase of the stolen merchandise. That request was denied by Williams and litigation ensued.

After justice court proceedings, hearing was held on January 21, 1988, which resulted in a District Court judgment in favor of plaintiff. Defendant appeals.

Defendant argues that he had no knowledge that the merchandise was stolen property. Williams argues further

that he disclaims any warranty of title to goods sold in his business by way of large fluorescent signs posted which alert buyers that the merchandise sold on the premises is sold "as is," and by writing the same on his sales receipts. We disagree.

It was disputed as to whether the signs described and entered into evidence at the hearing by photographs taken by defendant were actually in place when plaintiff entered the store. However, that factual dispute is not relevant to the legal issues involved.

The issue is controlled by the Montana Uniform Commercial Code (UCC). Section 30-2-312, MCA, warrants that a merchant selling goods passes clear title to the goods. Clearly, Williams breached that warranty of title required by the code when he sold stolen goods to Brokke because it has long been established that a thief cannot pass clear title to his stolen goods, City of Portland v. Berry (Or.App. 1987), 739 P.2d 1041; nor can his successor. It is irrelevant that Williams claims he did not know the goods were stolen.

With respect to breach of warranty, Williams, as a merchant, is held to a higher standard of dealing than ordinary consumers. Pace v. Sagebrush Sales Co. (Ariz. 1977), 560 P.2d 789. Further, Williams is held to the obligatory good faith required in the performance of every contract and every duty under the UCC. Section 30-1-203, MCA. Good faith is defined under the UCC as "honesty in fact." Section 30-1-201(19), MCA.

It is undisputed that Brokke promptly notified Williams of his breach of warranty of title, thus defeating many defenses available to Williams under the code.

The question then becomes, did Williams do anything to effectuate a disclaimer of the warranty of title in this

3

transaction. We affirm the trial court's conclusion that he did not.

Warranty of title is not subject to the disclaimers found in § 30-2-316, MCA, pertaining to fitness and merchantability. Williams argues that his conduct of placing the signs is his notice of a specific and written disclaimer. However, that conduct does not meet the disclaimer of warranty of title found in § 30-2-312(3), MCA, which states "unless otherwise agreed" a seller who is a merchant warrants that the goods shall be delivered free of the rightful claim of any third person. Clearly, there could have been no agreement to that effect between Williams and Brokke when Brokke denies ever seeing the signs which Williams claims were up in his premises on the date of the transaction. Brokke further testified to having no conversations with Williams regarding the title of the camera. That testimony conflicts with Williams' account of having verbally informed Brokke that the title could not be guaranteed.

The trial court found that Williams had a duty to deliver clear title to the property, that he could not do so because it was stolen and that simply placing "as is" signs in his store does not defeat that duty nor relieve him of liability for defects. We agree. The trial court additionally found that it violates the public policy of this state to allow pawnbrokers to profit from the sale of stolen property. Montana law as written by our legislators and found in the UCC supports that conclusion.

Williams fails to convince this Court that the trial court's judgment was an abuse of discretion and not based on substantial credible evidence. Davis v. Sheriff (Mont. 1988), 762 P.2d 221, 45 St.Rep. 1783.

4

Brokke is entitled to a refund of the $89.95 paid to Williams plus his costs in this action as awarded by the District Court and his costs on appeal.

Judgment affirmed.

_J. A. Turnage_
Chief Justice

We concur:

_John Conway Harrison_

_J. J. Weber_

_L. C. Gulbrandson,_

_John C. Sheehy_
Justices