911 F.2d 720
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert BELTON, Jr., Plaintiff-Appellant,
v.
RIDGE TOOL COMPANY, Defendant-Appellee.
 No. 90-1406.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 23, 1990.
Decided June 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-89-420-A)
 David L. Hilton, Fairfax, Va., Cheryl Helena Chapman, Chapman, Anderson & Chapman, Washington, D.C., for appellant.
 John F. Anderson, McGuire, Woods, Battle & Boothe, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Herbert Belton appeals from the district court's grant of summary judgment on his claims arising out of an injury he suffered using a machine manufactured by defendant Ridge Tool Company. He argues that there exist genuine issues of material fact concerning whether Ridge's alleged failure to place adequate warnings on the machine proximately caused his injury, whether he was contributorily negligent in his use of the machine, and whether he gave Ridge reasonable notice on his breach of warranty claim. We affirm the judgment of the district court.
 
 
 2
 Belton suffered an amputation of his thumb while working on a Rigid Model 535 pipe and bolt threading machine manufactured by Ridge. The injury occurred when the glove Belton was wearing was caught in the machine. A warning label displayed on the outside of the machine stated:
 
 
 3
 Do not operate unit with loose or frayed clothing. It may get caught in rotating parts and cause severe injury.
 
 
 4
 Further warnings were contained in the machine's Operator's Manual. Nonetheless, Belton maintains that the label should have specifically instructed workers not to wear gloves while operating the machine. He contends that if such a warning had been placed on the machine, his injury may never have occurred.
 
 
 5
 Even if such a warning should have been placed on the machine, Belton's argument must fail because he failed to demonstrate that the alleged failure to warn proximately caused his injury. He conceded in deposition that he never read the warnings placed on the machine or contained in the Operator's Manual. Thus, the addition of a more specific warning with respect to the wearing of gloves would not have prevented Belton's injury. To establish proximate cause in a case in which plaintiff challenges the adequacy of the warnings provided, plaintiff must at least have demonstrated that he read those warnings. "[A]n issue as to the adequacy of a warning necessarily presupposes that the operator has read the warning." Johnson v. Niagara Mach. & Tool Works, 666 F.2d 1223, 1225 (8th Cir.1981); see also Conti v. Ford Motor Co., 743 F.2d 195, 199 (3d Cir.1984) ("[L]iability may result only when there is sufficient evidence that additional warnings or reminders may have made a difference.").
 
 
 6
 It is also clear as a matter of law that Belton was contributorily negligent in his use of the machine. He conceded that he had no experience working on the machine before the day of the accident, that he proceeded to work on the machine before his instruction in its use was complete, that he failed to read the warnings displayed on the machine, and that when injured he was using a "T" fitting to check the threading on the pipe still rotating in the machine, a use for which the machine was not designed. A stronger case of contributory negligence could hardly be made. "Ordinarily, the issue of contributory negligence is a question for the jury. Nevertheless, when persons of reasonable minds could not differ upon the conclusion that such negligence has been established, it is the duty of the trial court so to rule." Kelly v. Virginia Electric & Power Co., 381 S.E.2d 219, 222 (Va.1989).
 
 
 7
 Belton also asserts that the district court erred in dismissing his breach of warranty claim under Va. Code Sec. 8.2-607(3)(a). That provision requires that the seller of a product be notified of a breach of warranty within a reasonable time after discovery of the breach or "be barred from any remedy." Here, Belton was injured on March 25, 1987. He was represented by counsel as early as August 1987. Nonetheless, it was not until nineteen months after the injury that Belton first notified Ridge of the alleged breach of warranty. Belton has offered no explanation for the delay in notification. The district court was not in error in ruling that notice had not been afforded in a reasonable time. See Begley v. Jeep Corp., 491 F.Supp. 63 (W.D.Va.1980).
 
 The judgment of the district court is
 
 8
 AFFIRMED.