## CIRCUIT COURT OF CHESTERFIELD COUNTY

Clarendon National Ins. Co.

v.

M & F of Richmond et al.

July 16, 2003

Case No. CL02-707

BY JUDGE F. G. ROCKWELL, III

The parties were before the Court on June 23, 2003, for a hearing on Sears, Roebuck & Company's ("Sears") Motion to Dismiss based on M & F of Richmond, Inc.'s ("M & F") failure to give reasonable notice of the impending claim. At the conclusion of the hearing, the Court took the matter under advisement.

After considering the oral arguments, the applicable case and statutory law, and the briefs submitted by both parties to the motion to dismiss, the Court makes the following finding.

*Facts*

This matter arises out of damage caused to a house by a dishwasher that allegedly leaked. M & F purchased the dishwasher from Sears to put into the house. Winn's Plumbing ("Winn"), M & F's subcontractor, then installed the dishwasher.

On October 25, 1999, the homeowners called M & F to complain about the leaking dishwasher. M & F dispatched Winn to address the problem. Sears contends that it did not receive notice of the claim until three years after the breach and that Sears is therefore prejudiced and should be entitled to have the

action dismissed. M & F alleges that Sears in fact received notice in a timely manner.

## Finding

The Court finds that the matter regarding notice is governed by Va. Code Ann. § 8.2-607(3)(a) (1950) which states:

(3) Where a tender has been accepted
(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.

*Begley v. Jeep Corp.*, 491 F. Supp. 63 (W.D. Va. 1980), provides guidance in this matter. The Court in *Begley* considered a breach of warranty claim under Va. Code § 8.2-607(3)(a) for timeliness of notice. The Court held that:

The only question before the court, therefore, is whether plaintiffs gave defendants "reasonable" notice of the breach of warranty. Ordinarily, this is a question of fact reserved for the jury; however, *if the evidence is clear*, the court can rule as a matter of law that a party failed to give proper notice. The burden of proof is on the plaintiff to show that notice was given within a reasonable time.

*Begley* at 65 (emphasis added, citation omitted).

The Court finds that the evidence submitted at this point is not clear as to when Sears received notice of the claim. The Court therefore denies Sear's Motion to Dismiss at this time. Each party should be afforded the opportunity to put on evidence as to when notice was given and received.